The Honorable Harold Caskey State Senator, District 31 State Capitol Building Jefferson City, MO 65101
and
The Honorable Vicky Hartzler State Representative, District 124 State Capitol Building Jefferson City, MO 65101
Dear Senator Caskey and Representative Hartzler:
Each of you has requested an opinion of this office relating to a fourth class city charging prisoners who are incarcerated in the county jail due to a violation of a municipal ordinance for the costs of the prisoners' incarceration. The question posed by Senator Caskey is:
 May a fourth class city charge individuals for the cost of incarceration in a county jail?
The question posed by Representative Hartzler is:
 May the City of Harrisonville bill Harrisonville individuals for the cost of their incarceration at the County Jail?
Your opinion requests indicate that the City of Harrisonville, a fourth class city, houses some of its prisoners in the Cass County jail. The county bills the city for the costs of incarceration. We understand your question to be whether the city can in turn charge the incarcerated individuals for those costs.[1]
Section 479.180, RSMo 1994, authorizes municipal prisoners to be incarcerated in the county jail. Such section provides:
 479.180. Commitment in county jail, when — duty of sheriff. — If a municipality has no suitable and safe place of confinement, the defendant may be committed to the county jail by the judge, and it shall be the duty of the sheriff, if space for the prisoner is available in the county jail, upon receipt of a warrant of commitment from the judge to receive and safely keep such prisoner until discharged by due process of law. The municipality shall pay the board of such prisoner at the same rate as may now or hereafter be allowed by law to such sheriff for the keeping of other prisoners in his custody.
Section 221.070, RSMo 1994, provides for certain prisoners to be liable for their costs of incarceration. This section provides ill part:
 221.070. Prisoners liable for cost of imprisonment. — Every person who shall be committed to the common jail within any county in this state, by lawful authority, for any offense or misdemeanor, if he shall be convicted thereof, shall bear the expense of carrying him or her to said jail, and also his or her support while in jail, before he or she shall be discharged; . . . . [Emphasis added.]
In determining the applicability of Section 221.070 to the situation you describe, we must determine if "offense," as used in Section 221.070, includes a violation of a municipal ordinance. Statutory construction must always seek to find and further legislative intent. Centerre Bank of Crane v. Director ofRevenue, 744 S.W.2d 754, 759 (Mo. banc 1988). "If the statute is ambiguous, we attempt to construe it in a manner consistent with the legislative intent, giving meaning to the words used within the broad context of the legislature's purpose in enacting the law." Sullivan v. Carlisle, 851 S.W.2d 510, 512 (Mo. banc 1993). "[I]n construing a statute we may take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed. . . . This is so even though the statutes are found in different chapters and were enacted at different times." Weber v.Missouri State Highway Commission, 639 S.W.2d 825, 829 (Mo. 1982).
Section 221.070, as it currently reads, has been unchanged since at least 1939. § 9199, RSMo 1939. Even before then, the phrase "offense or misdemeanor" was used in qualifying when the prisoner might be liable for the costs of his incarceration. § 8530, RSMo 1929; § 12555, RSMo 1919; § 1577, RSMo 1909; § 8110, RSMo 1899. The statutes in effect in 1939 and prior years referred to municipal ordinance violations as "offenses." For example, the statutes which gave cities the power to have a municipal judge uniformly stated that a municipal judge had jurisdiction "to hear and determine all offenses against the ordinances" of such cities (emphasis added). § 7122, RSMo 1939; § 6972, RSMo 1929; § 8423, RSMo 1919; § 9325, RSMo 1909; § 5919, RSMo 1899; § 6905, RSMo 1939; § 6759, RSMo 1929; § 8246, RSMo 1919; § 9183, RSMo 1909; § 5791, RSMo 1899; § 6794, RSMo 1939; § 6666, RSMo 1929; § 8153, RSMo 1919; § 7437, RSMo 1939; § 7284, RSMo 1929; § 8699, RSMo 1919; § 9577, RSMo 1909; § 6253, RSMo 1899. Of more recent import is that some of the Missouri Supreme Court Rule 37 suggested forms use the word "offense" and indicate that such term includes ordinance violations as well as violations of statutes. See Form 37.A, Uniform Complaint and Summons; Form 37.B, Record of Conviction. The use of the term "offense" in these statutes and rules indicates that the meaning given such term by the legislature and the courts includes violations of municipal ordinances. Accordingly, we conclude that the term "offense" as used in Section 221.070 includes a municipal ordinance violation.
CONCLUSION
It is the opinion of this office that, pursuant to Section221.070, RSMo 1994, a person committed to the county jail by lawful authority for a municipal ordinance violation, if convicted of the municipal ordinance violation, is liable to the municipality for the costs of incarceration.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] We have not been provided information regarding the amount billed by the county to the city or the amount proposed to be billed by the city to each prisoner. Therefore, this opinion only addresses the authority of the city to bill the prisoner and does not address the amount to be billed.